UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LAKESHIA TARVIN,** ) | |
| ) | |
| **Plaintiff**, ) | |
| ) | Civil Action Number |
| **vs.** ) | **2:15-cv-01237-AKK** |
| ) | |
| **DIRECTV**, ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

LaKeshia Tarvin brings this action, individually and on behalf of a class of similarly situated persons, against DirecTV, alleging pregnancy and gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, as amended, and the Pregnancy Discrimination Act.[1]  Doc. 1. Tarvin appears to plead four counts — individual intentional discrimination, individual disparate impact discrimination, class intentional discrimination, and class disparate impact discrimination.  *See id.* at 2-3, 18, 21.[2]  DirecTV moves to dismiss Tarvin's individual intentional discrimination claim and any and all class

---

[1] The Pregnancy Discrimination Act amended Title VII to include discrimination on the basis of pregnancy within Title VII's definition of gender discrimination. Accordingly, courts use the same analysis for a pregnancy discrimination claim as for a gender discrimination claim. *See* 42 U.S.C. § 2000e(k); *Hayes v. Shelby Memorial Hospital*, 726 F.2d 1543, 1546-47 (11th Cir. 1984).

[2] While Tarvin does not specifically enumerate her claims in counts, it is clear that she is asserting both individual and class claims for intentional discrimination and disparate impact.

1

claims asserted in the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[3]  Doc. 11.  The motion is fully briefed, docs. 11, 16, and 17, and ripe for review.  For the reasons stated more fully below, the motion is due to be granted.

## I. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678

---

[3] DirecTV does not move to dismiss Tarvin's individual disparate impact claim. Doc. 11 at 8.

2

(citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## II. FACTUAL BACKGROUND[4]

Tarvin worked as a customer service representative ("CSR") for DirecTV for thirteen years, during which she became pregnant twice. Doc. 1 at 5-6. For the first, Tarvin successfully gave birth on August 8, 2013, and returned to work on September 16, 2013 without issue. *Id.* at 5-6.

Tarvin's second pregnancy, which occurred shortly after the first, forms the basis of this lawsuit. *Id.* at 6. Tarvin experienced complications during this

---

[4] The plaintiff's allegations are presumed true for purposes of Fed. R. Civ. P. 12(b)(6). As such, the facts are taken from the complaint, doc. 1. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)) ("When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'"). However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth. *See Iqbal*, 556 U.S. at 662.

pregnancy that led her physician, on June 27, 2014, to submit documentation to DirecTV's third-party administrator, noting that Tarvin had become disabled due to her pregnancy. *Id.* at 6. Tarvin's physician further noted that Tarvin would need "six weeks off" following her expected delivery date of July 20, 2014. *Id.* At the time, Tarvin had not worked a sufficient number of hours in the previous twelve months to qualify for Family and Medical Leave Act ("FMLA") coverage for this pregnancy or the birth of her child. *Id.* However, because of her physician's statement that the pregnancy had rendered her disabled, Tarvin was entitled to protected leave under the Americans with Disabilities Amendments Act of 2008 ("the ADAAA"). Doc. 1 at 6.

Tarvin gave birth on July 5, 2014, two weeks prior to her expected delivery date, but did not experience any post-delivery complications. *Id.* at 7. Thus, as of that date, Tarvin was no longer disabled by pregnancy, and her protected leave under the ADAAA ended. Because Tarvin had no available leave under the FMLA, her time off became subject to DirecTV's attendance policy. Tarvin, however, mistakenly believed that her physician's original note to DirecTV's third-party administrator had excused her from work until September 1, 2014, *i.e.*, six weeks after her anticipated delivery date of July 20, 2014. *Id.* at 6.

4

Tarvin received a call approximately five weeks after giving birth from a manager in Human Resources, asking if Tarvin planned to return to work. *Id.* When Tarvin responded affirmatively, the HR manager told Tarvin that, pursuant to the Time Off For Birth or Adoption of a Child and Bonding Time Policy, Tarvin needed to provide a physician's release with her return-to-work date before DirecTV would permit her to return to work. *Id.* at 6. Tarvin was unable to timely obtain the requested release. Doc. 1 at 6. Thus, two weeks later, the same HR manager called Tarvin and informed her that DirecTV had discharged her pursuant to its attendance policy. *Id.* at 8. The attendance policy describes "Absence Incidents that may result in Corrective Disciplinary Action" as including "leave without pay during any period (where the CSR does not have adequate [paid time off] to cover a full or partial absence)." *Id.* DirecTV contends that Tarvin violated the attendance policy, because "all the leave she [took] after July 5, 2014, (the date her child was born) was not job-protected pursuant to the FMLA or an accommodation pursuant to the ADA." *Id.* at 9.

### III.  ANALYSIS

Tarvin contends that DirecTV discharged her because of her gender and pregnancy. *Id.* at 10. As a result, Tarvin asserts claims of intentional discrimination and disparate impact in violation of Title VII of the Civil Rights Act

5

of 1964, 42 U.S.C. §2000e *et seq.*, as amended, and the Pregnancy Discrimination Act, both individually and on behalf of a class of persons similarly situated. *Id.* at 1. DirecTV has moved to dismiss Tarvin's individual intentional discrimination claim and the class claims. Doc. 11.

### A. Tarvin's Individual Intentional Discrimination Claim

DirecTV challenges Tarvin's individual intentional discrimination claim on three grounds, which the court addresses in turn.

#### i. Tarvin's Complaint asserts legal conclusions, not facts

DirecTV first challenges Tarvin's individual intentional discrimination claim by arguing that Tarvin has failed to plausibly allege that DirecTV acted with discriminatory intent, or treated any comparators more favorably. *Id.* at 11-12. A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). Facial plausibility requires that the complaint plead facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556. In the intentional discrimination context, a claim has facial plausibility when the plaintiff pleads facts showing that the employer acted with discriminatory intent, or treated similarly situated employees in the non-protected class more favorably. *See Davis*

6

*v. Coca-Cola Bottling Co.*, 516 F.3d 955, 974 (11th Cir. 2008) ("Although a Title VII complaint need not allege facts sufficient to make out a classic *McDonnell Douglas* prima facie case, it must provide enough factual matter (taken as true) to suggest intentional race discrimination.") (citation omitted); *Jacobs v. Biando*, 592 F. App'x 838, 841 (11th Cir. 2014) ("threadbare allegation" of race discrimination did not state a plausible claim for relief due to plaintiff's failure to allege any specific facts to support her claim, such as whether the defendant treated similarly situated non-protected employees more favorably, or replaced her with an employee outside of her protected class); *Streeter v. Fedex Ground Package System, Inc.*, No. 6:12–cv–163–Orl–22DAB, 2012 WL 717865, at *3 (M.D. Fla. Feb. 13, 2012) (plaintiff failed to state a plausible discrimination claim where she did not allege facts to support her claim that the alleged discrimination was based on her race, age, or gender, or that she was treated less favorably than similarly situated employees outside of her protected class).

    Here, Tarvin has not pleaded facts sufficient to allow the court to reasonably infer that DirecTV intentionally discriminated against her on the basis of her gender and/or pregnancy. *See* doc. 1. To support her claim, Tarvin states that HR intentionally failed to inform her — from July 6, 2014 until August 13, 2014 — that she was no longer on protected leave. *Id.* at 7, 9. Accepted as true, that fact

does not give rise to a reasonable inference of discrimination on the basis of gender or pregnancy. Aside from that fact, Tarvin only alleges that DirecTV "maliciously, willfully, and with reckless disregard" of her rights intentionally discriminated against her due to her gender and/or pregnancy. *Id.* at 20. These are the types of "labels and conclusions" that the Supreme Court has deemed insufficient to meet the pleading standard. *See, e.g.*, *Iqbal*, 556 U.S. at 680-81 (respondent's contention that petitioners "knew of, condoned, and willfully and maliciously agreed to subject [him]" to harsh conditions of confinement on account of his religion, race, and/or national origin were "bare assertions" that were "not entitled to the assumption of truth").

Moreover, Tarvin does not allege that DirecTV treated similarly situated persons outside of her protected class — in particular, males or non-pregnant females who have taken a medical leave — more favorably. Although Tarvin references similarly situated male employees in her opposition brief by stating that DirecTV "is liable under a disparate treatment theory to the extent that it conditions a new <u>mother's</u> (as opposed to father's) return to work following normal childbirth on her presentation of a doctor's release," doc. 16 at 20 (emphasis by Tarvin), no such language is found in the complaint, doc. 1.[5] The

---

[5] *See Speaker v. U.S. Dept. of Health and Human Services Centers for Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (citing *St. George v. Pinellas Cnty.*, 285

8

complaint only alleges that DirecTV's policies are facially discriminatory "to the extent" that they "condition a new mother's return to work following normal childbirth on the employee's presentation of a doctor's release." Doc. 1 at 2.[6] Noticeably absent from Tarvin's complaint is any allegation that DirecTV does not require medical releases from males or non-pregnant female employees returning from medical leave. That the complaint may be silent on these issues because Tarvin simply may not know these facts at this juncture is irrelevant. As the Supreme Court has noted, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79. Ultimately, without these contentions, the court is left to impermissibly infer that DirecTV discriminates "to the extent" that it does not impose similar requirements on males or non-pregnant employees. The court declines to do so, because *Twombly* and *Iqbal* prohibit the drawing of inferences from conclusory allegations

---

F.3d 1334, 1337 (11th Cir. 2002)) (The "scope of the review [of a motion to dismiss] must be limited to the four corners of the complaint."); *Gibbons v. McBride*, No. CV 114-056, 2015 WL 5017021, at *31 (S.D. Ga. Aug. 21, 2015) ("A complaint may not be amended by briefs in opposition to a motion to dismiss.").

[6] Even if Tarvin had alleged in her complaint that a new *father*'s return to work following childbirth was not conditioned on his presentation of a doctor's release, the comparison may be misplaced, because a father who has taken time off to attend the birth of his child has not taken a medical leave and, therefore, is not similarly situated. *See Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999) ("We require that the quantity and quality of the comparator's misconduct be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges.").

unsupported by facts. *See Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 703-04 (11th Cir. 2016).

In short, in light of Tarvin's failure to plead any facts showing that DirecTV acted with discriminatory intent, or that DirecTV treated similarly situated employees outside of her protected class more favorably, Tarvin's individual intentional discrimination claim is due to be dismissed.

> ii. Application of a neutral attendance policy cannot support a claim of intentional discrimination as a matter of law

DirecTV argues next that the application of a neutral attendance policy cannot support a claim of intentional discrimination. Doc. 11 at 13. Tarvin challenges this contention by arguing that DirecTV unequally applies that policy. Doc. 16 at 21. She states that, "[t]o the extent that Defendant requires the presentation of a doctor's release only from new mothers and not from new fathers who take time off work to attend the birth of a child, then this ostensibly neutral policy (the Time Off For Birth or Adoption of a Child and Bonding Time policy) has been applied unequally, showing intentional discrimination." *Id.* Again, however, Tarvin's complaint contains no factual allegations showing unequal application of the policy, and simply relies on the same "to the extent" language. The court cannot infer discrimination in the absence of factual allegations.

### iii. DirecTV's alleged awareness of the alleged impact of its neutral policies does not constitute intentional discrimination

Finally, DirecTV challenges Tarvin's contention that DirecTV "is aware that most women will not be able to obtain a doctor's release approving them to return to work immediately after childbirth." Doc. 1 at 8. According to DirecTV, Tarvin must show more than DirecTV's awareness of the consequences of its attendance policies to plead intentional discrimination. Doc. 11 at 15. The court agrees. The Supreme Court has noted that "discriminatory purpose implies more than intent as volition or intent as *awareness of consequences*," and, instead, "implies that the decisionmaker . . . selected or reaffirmed a particular course of action at least in part because of, not merely in spite of, its adverse effects upon an identifiable group." *Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979) (emphasis added, internal quotation marks omitted); *see also EEOC v. Joe's Stone Crab, Inc.*, 220 F.3d 1263, 1273 (11th Cir. 2000); *Abbott v. Elwood Staffing Servs.*, 44 F. Supp. 3d 1125, 1157 (N.D. Ala. 2014). Relevant here, Tarvin does not allege any facts demonstrating that DirecTV implemented or enforces its medical release policy "because of," rather than merely "in spite of," the foreseeable consequences for some pregnant women or new mothers. *See Feeney*, 442 U.S. at 279. As pleaded, DirecTV's alleged knowledge that female employees with no available leave will be in violation of the attendance policy if

they are unable to provide a medical release permitting their return to work immediately after giving birth, without evidence of intent to discriminate, is not sufficient to state a plausible intentional discrimination claim.

### B. Tarvin's Class Claims

Tarvin seeks to represent a class of female employees and former employees who became pregnant and were not eligible for, or not afforded the protections of, the FMLA, ADA, or state law following childbirth, and who were disciplined or terminated under DirecTV's attendance policy, or resigned in order to maintain "rehirable" status, as a result of their failure to return to work immediately following childbirth, or as a result of their failure to present a medical release allowing their return. Doc. 1 at 11. DirecTV challenges Tarvin's class claims on the grounds that the class allegations are insufficient to satisfy Federal Rule of Civil Procedure 23(a). Doc. 11 at 16. To represent a proposed class, a plaintiff must satisfy the four Rule 23(a) prerequisites, which courts often refer to as the numerosity, commonality, typicality, and adequacy requirements. *See* Fed. R. Civ. P. 23(a). These requirements are "designed to limit class claims to those fairly encompassed by the named plaintiffs' individual claims." *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1188 (11th Cir. 2003) (citing *Prado-Steiman*

*v. Bush*, 221 F.3d 1266, 1278 (11th Cir. 2000)). For the reasons stated below, the court finds that Tarvin has failed to sufficiently plead her class claims.

      i.   The Class Intentional Discrimination Claim(s)

In light of the court's decision to dismiss Tarvin's individual intentional discrimination claim, Tarvin's claims are no longer typical of the class she seeks to represent. *See Piazza v. Ebsco Industries, Inc.*, 273 F.3d 1341, 1346 (11th Cir. 2001) (quoting *Prado-Steiman*, 221 F.3d at 1279) ("Typicality . . . encompasses the question of the named plaintiff's standing, for '[w]ithout individual standing to raise a legal claim, a named representative does not have the requisite typicality to raise the same claim on behalf of a class.'").

The court also notes that Tarvin does not clearly specify whether she is pursuing her class intentional discrimination claims based upon a disparate treatment or pattern-or-practice theory. She alleges that DirecTV maintains a "pattern and practice" of "keeping female employees from becoming pregnant or remaining employed after the birth of their child." Doc. 1 at 19. That allegation will be addressed briefly here, because: (1) pattern-or-practice claims are only available as class claims, *see Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 965-66 (11th Cir. 2008); and (2) like disparate treatment claims, pattern-or-practice claims "require proof of discriminatory intent." *See EEOC v. Joe's Stone Crab,*

13

*Inc.*, 220 F.3d 1263, 1273 (11th Cir. 2000). Because Tarvin's complaint does not set forth any facts that allow the court to draw a reasonable inference of discriminatory intent, Tarvin does not sufficiently state a pattern-or-practice discrimination claim.

Therefore, any class intentional discrimination claims, including disparate treatment and pattern-or-practice claims, are due to be dismissed.

### ii. The Class Disparate Impact Claim

DirecTV raises multiple arguments in support of its motion to dismiss the class disparate impact claim: (1) that Tarvin does not allege a common harm capable of classwide resolution; (2) that Tarvin's contentions are factually specific to her; and (3) that Tarvin does not identify any other individual who allegedly was harmed under similar circumstances. Doc. 11 at 17-18. To prove disparate impact, Tarvin "*must* establish the existence of a statistically significant disparity among members of different groups affected by a type of employment decision; a specific, facially neutral employment practice involved in the decision; and a causal nexus between the facially neutral employment practice and the statistically significant disparity." *Cooper v. Southern Co.*, 390 F.3d 695, 716 (11th Cir. 2004) (citing *E.E.O.C. v. Joe's Stone Crab*, 220 F.3d 1263, 1274 (11th Cir. 2000)) (emphasis in original); *see also Pouyeh v. Bascom Palmer Eye Inst.*, 613 F. App'x 802, 811

(11th Cir. 2015) (the plaintiff's complaint did not state a plausible disparate impact claim, because the plaintiff "did not allege any facts in his complaint, such as statistics, sufficient to show [that the employer's subject policy or practice] ha[d] resulted in prohibited discrimination"). While Tarvin is correct that a class complaint must simply meet the minimal Rule 8 standard by providing the defendant sufficient notice of the nature and scope of her claims, and nothing more, *see* doc. 16 at 14 (citing *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 882 (11th Cir. 2003)), she has failed to do so by overlooking that she must still provide data to support her claim. In fact, the closest Tarvin comes to providing any data about the number of pregnant females who have been impacted by DirecTV's policies is a statement, in her brief in opposition to the motion to dismiss, that DirecTV employs "around 30,000 workers, with policies that apply across-the-board." Doc. 16 at 17. Even there, however, Tarvin is not discussing disparate impact, but, rather, her ability to meet Rule 23(a)'s numerosity requirement. Tarvin has not pled facts sufficient to allow the court to determine that a statistical disparity exists, that DirecTV's policies disparately impact pregnant female employees, or that a causal nexus exists between any of DirecTV's policies and an alleged statistical disparity.

15

Instead, Tarvin uses conclusory language — such as, "[t]he defendant's application of its attendance policy and medical leave policies toward pregnant employees are intended or understood by Defendant to have a disparate impact on the individual female plaintiff and other female employees," doc. 1 at 19, and

> Defendant's policy of requiring a doctor's release before an employee returns from timeoff for birth or adoption of a child and bonding time has a disparate impact on females, including the Plaintiff, and has resulted in the discipline, termination, or resignation in lieu of termination of Plaintiff and numerous female employees not protected by the ADA or FMLA who were unable to provide a medical certification that they are medically fit to return to work immediately following childbirth.

*Id.* at 21. Again, these are the types of "labels and conclusions" deemed insufficient to meet the pleading standard. *Iqbal*, 556 U.S. at 678. Therefore, the class disparate impact claim is due to be dismissed.

### IV. CONCLUSION AND ORDER

For the reasons stated above, DirecTV's motion to dismiss Tarvin's individual intentional discrimination claim and class intentional and disparate impact discrimination claims is **GRANTED**, and these claims are **DISMISSED**. However, because the court subscribes to the view that a plaintiff must generally get at least one opportunity to amend, the dismissal is without prejudice. *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005).

Tarvin may proceed with her individual disparate impact claim. The parties are **DIRECTED** to submit a revised Rule 26(f) report by October 14, 2016. Finally, DirecTV's answer is due by October 7, 2016.

**DONE** the 13th day of September, 2016.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE